UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MOSAIC GLOBAL HOLDINGS, INC.** | * | CIVIL ACTION NO. 11-1690 |
| Plaintiff | * | |
| | * | SECTION: H |
| | * | JUDGE JANE TRICHE MILAZZO |
| **VERSUS** | * | |
| | * | |
| | * | MAGISTRATE: 3 |
| **VERNON E. FAULCONER** | * | MAG. DANIEL KNOWLES, III |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JUDGMENT

The matters currently pending before the Court are a Motion for Summary Judgment filed by Mosaic Global Holdings, Inc. (Doc. 4), a Motion to Dismiss or In the Alternative a Motion to Stay Complaint for Declaratory Judgment filed by Vernon E. Faulconer (Doc. 6), a Motion to Dismiss based on 12(b)(1) and 12(b)(3) filed by Vernon E. Faulconer (Doc. 15) and a Motion Pursuant to Rule 56(d) filed by Vernon E. Faulconer (Doc. 17).

The Court, having considered the pleadings, the applicable law, and for the written reasons assigned;

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment (Doc. 4) is DENIED WITHOUT PREJUDICE; that the Motion to Dismiss or in the Alternative Motion to Stay Complaint for Declaratory Judgment (Doc. 6) is DENIED; that the Motion to Dismiss based on 12(b)(1) and 12(b)(3) (Doc. 15) is DENIED; that the Motion Pursuant to Rule 56(d) is GRANTED.

**BACKGROUND**

Mosaic Global Holdings, Inc. [hereinafter "Mosaic"] is the successor by mergers and name changes to a company formerly known as Freeport Oil Company [hereinafter "Freeport"]. In 1979, Freeport contracted and entered into various agreements with Vernon E. Faulconer [hereinafter "Faulconer"] to sell various interests in oil, gas and mineral leases and other related property.

Specifically, on November 1, 1979, Freeport and Faulconer executed an Assignment and Conveyance (collectively, the "Assignment"). In connection with the Assignment, Freeport and Faulconer executed a separate Agreement (the "Agreement") which set forth various obligations and duties of the parties in conjunction with the Assignment in relation to sixteen different properties located in five states, including Louisiana.

On March 16, 2011 Mosaic received a Compliance Order from the Louisiana Department of Natural Resources [hereinafter "LDNR"] in connection with the Wilbert's Mineral Corporation Well located in Iberville Parish, Louisiana. Pursuant to the Agreement, Mosaic made demand on Faulconer to perform the plug abandonment and restoration activity requested by the LDNR, however Faulconer has refused to perform those activities. Subsequently, Mosaic brought this suit for Declaratory Relief to determine the scope of Faulconer's obligations under the Agreement.

**LAW AND DISCUSSION**

<u>Motion to Dismiss or In the Alternative a Motion to Stay Complaint for Declaratory Judgment</u>

Faulconer asserts that this matter arises out of a Louisiana state court matter currently pending in the 18th Judicial District Court, captioned *Mary Josephine Buquoi Primeaux, et al. v.*

*Exxon Mobil Corporation, et al* [hereinafter "*Primeaux*"], in which Mosaic is a defendant. That case has been pending since 2005 wherein Mosaic and Faulconer Energy Limited Partnership are named defendants. Thus, Faulconer requests that the Court dismiss this case or, alternatively, stay this litigation pending the resolution of the state court proceeding as the state court litigation involves similar parties and issues and is a forum where all of the matters in controversy may be fully litigated. Doc. 6, p. 1-3. Faulconer cites to *Brillhart v. Excess insurance Co. of America*, 316 US 481, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) as being supportive of their Motion.

Mosaic argues that the issues in this case have not been presented to any other court, and the contract at issue involves obligations that are not related to the parties and the issues pending in the state court lawsuit. Mosaic further argues that the *Brillhart* considerations for abstention all favor this Court's retention of the case; that the *Burford* Abstention doctrine does not apply because this case has nothing to do with a request for this Court enforce or construe a state agency order and there is no state administrative proceeding to which this Court would defer; and concludes that abstention under *Colorado River* is not proper.

Abstention is the relinquishment of a federal court's jurisdiction "when necessary to avoid needless conflict with a state's administration of its own affairs." Black's Law Dictionary (8th ed. 2004). Abstention is available only in certain, quite limited circumstances. Generally, the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483

(1976) (abstention is extraordinary and narrow exception to court's duty to adjudicate controversy properly before it); *see also Zwickler v. Koota*, 389 U.S. 241, 248, 88 S. Ct. 391, 19 L. Ed. 2d 444 (1967) (abstention applies only in narrowly limited "special circumstances").

A Court may abstain under *Burford* when the case involves unsettled state law and the federal adjudication would disrupt a state's efforts to establish a coherent administrative policy with respect to fields that are traditionally subject to state regulation. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 318, 63 S. Ct. 1098, 87 L. Ed. 1424 (1943). This Court does not find that *Burford* applies to the case at hand.

In order to determine if the *Colorado River* abstention doctrine applies, the Court must first inquire into whether the federal and the state actions are parallel. *Diamond Offshore Co. v. A & B Builders*, 302 F.3d 531, 540 (5th Cir. 2002), overruled on other grounds by *Grand Isle Shipyard Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 788. Suits are "parallel" if they "involv[e] the same parties and the same issues." *Brown v. Pacific Life Ins. Co.* 462 F.3d 384, 395 (5th Cir. 2006); *see also RepublicBank Dallas, Nat. Ass'n v. McIntosh*, 828 F.2d 1120. 1121 (5th Cir. 1987)(quoting *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir.1973)). Furthermore, a federal case is parallel when "there is 'a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.'" *Kenner Acquisitions, LLC v. BellSouth Telecommunications, Inc.*, 2007 WL 625833, at *2 (E.D. La. Feb. 26, 2007) (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir. 1979)).

Even when the parties and issues are the same, however, the Supreme Court has emphasized that abstention is justified only under the most exceptional of circumstances. *Colorado*

*River*, 424 U.S. at 813; *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006). To determine whether "exceptional" circumstances exist in a given case, courts have identified six factors that may be considered. These six factors are: (1) the assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Colorado River*, 424 U.S. at 818-19; *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 18-26 (1983). No one factor is determinative and all applicable factors must be carefully balanced in a given case, "with the balance heavily weighted in favor of exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

  This Court first finds that this is not a "parallel proceeding" because neither the parties nor the issues are the same or substantially the same. Mr. Faulconer, the only defendant in this case, is not a defendant in the *Primeaux* litigation. Additionally, the two suits do not involve the same issues as there is no likelihood that the state litigation will dispose of the claims presented to this Court. This litigation involves the interpretation of a contract and how that interpretation applies to sixteen properties and numerous oil and gas wells located in five different states. In *Primeaux*, the Iberville Parish plaintiff landowners have made numerous and varied tort claims and express and implied breach of contract claims under oil, gas, and mineral leases and assignments of those leases against multiple defendants spanning many years. The issues in *Primeaux* involve whether certain property is contaminated, the extent of the contamination, the extent of any necessary

clean up and the liability of defendants named in the suit. The Court finds that these issues are separate from the contract interpretation at issue in this case. Moreover, the decision in this litigation regarding the interpretation of the Agreement will affect Mr. Faulconer's duties as to all sixteen properties assigned to Mr. Faulconer, not just the property located in Iberville Parish, which is the subject of *Primeaux.* Lastly, even if the proceedings were to be deemed parallel, this Court find that the six factors do not warrant a finding of "exceptional circumstances" so as to deprive this Court of its jurisdiction.

To determine whether to stay or dismiss this case under *Brillhart*, the Supreme Court noted that a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). Additionally, the 5th Circuit has identified the following factors to consider: (a) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (b) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (c) whether the plaintiff engaged in forum shopping in bringing the suit; (d) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (e) whether the federal court is a convenient forum for the parties and witnesses; (f) whether retaining the lawsuit would serve the purposes of judicial economy; and (g) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *St. Paul Ins. Co. v. Trjo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

This Court finds that an analysis of the *Brillhart* factors as enumerated by both the Supreme Court and the United States Fifth Circuit both weigh in favor of this Court retaining jurisdiction in this case.

Accordingly, Faulconer's Motion to Dismiss or In the Alternative a Motion to Stay Complaint for Declaratory Judgment (Doc. 6) is hereby DENIED.

Motion to Dismiss Based on 12(b)(1) and 12(b)(3)

Faulconer alleges that the Plaintiff's Complaint should be dismissed because (1) this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.00 and (2) the well at issue in this litigation is located in Iberville Parish, Louisiana, and the contracts were executed in Texas thereby making the Eastern District in Louisiana the improper venue. Specifically, while Faulconer agrees that the parties are properly diverse under 28 U.S.C. § 1332, Faulconer disagrees that the amount in controversy exceeds the required $75,000.00. Faulconer provided an estimate from Key Energy Services which declares that the cost to comply with the LDNR Compliance Order is $33,530.00. Additionally, Faulconer notes that the amount in controversy is determined by the amount involved in a particular case and cannot be based on a contingent loss that either of the parties may sustain. Lastly, Faulconer asserts that the only connection with the Eastern District of Louisiana is the Larose field located in Lafourche Parish, which is not the subject of the LDNR Compliance Order.

Mosaic argues that the amount in controversy undeniably exceeds $75,000.00 exclusive of interest and costs as this suit for Declaratory Relief has to do with the obligations of the parties under the Assignment and Agreement which transferred fifteen properties in five states. Mosaic

further alleges that Mr. Faulconer waived his objection to venue because he did not assert it in his previously filed Motion to Dismiss and, regardless of his failure to properly procedurally file it, venue is proper because a substantial portion of the property at issue is located within Lafourche Parish, which is within the Eastern District of Louisiana.

First, this Court finds that venue was waived when Mr. Faulconer failed to bring the objection to venue in his first Motion to Dismiss. Rule 12 of the Federal Rules of Civil Procedure governs the procedure for asserting defenses and objections in responsive pleadings. Rule 12(b) provides that a party may assert certain defenses including: "(3) improper venue." Rule 12(g)(2), governs Joining Motions and specifically provides for Limitations on Further Motions, stating that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Finally, Rule 12(h)(1) states, in pertinent part, that "a party waives any defense listed in Rule 12(b)(2)-(5) by: (A) Omitting it from a motion in the circumstances described in Rule 12(g)(2). *See* Federal Rules of Civil Procedure Rule 12.

Faulconer filed his First Motion to Dismiss on September 14, 2011.  Faulconer filed his second Motion to Dismissed based on 12(b)(1) or 12(b)(3) on October 11, 2011. The primary relief that Faulconer sought in his first Motion to Dismiss was a dismissal with prejudice, with a stay requested as alternative relief. Therefore, this Court will consider this Motion based on its substance, e.g. as a Motion to Dismiss for purposes of Rule 12 of the Federal Rules of Civil Procedure. Thus, this Court finds that since Faulconer failed to bring an objection or defense of improper venue in his first filed Rule 12 Motion to Dismiss, he effectively waived his opportunity

to assert it. *See Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993) (under Rule 12(g), the omission of a Rule 12(b)(3) defense from a Motion based on any of the Rule 12(b) defenses precludes the movant from filing a subsequent Motion based on the omitted defense).

Second, this Court finds that Mosaic has met its burden in showing that the amount in controversy is greater than $75,000.00. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. The burden of proof falls on the party asserting jurisdiction and jurisdiction must be apparent on the face of the complaint. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). *See also Kerney v. Fort Griffin Dangle Ass'n*, 624 F.2d 717, 719 (5th Cir. 1980) (the pleading party must set out basis for jurisdiction "distinctly and affirmatively").

It is undisputed that Faulconer and Mosaic are diverse, therefore the amount in controversy is all that is disputed under Faulconer's 12(b)(1) Motion.

In declaratory judgment actions, the amount in controversy is usually evaluated by determining "the value of the right to be protected or the extent of the injury to be prevented." *Abest Sewer & Drain Service, Inc. v. A-Corp*, No. Civ. A. 05-253, 2005 WL 1038419, at *2 (E.D. La. April 22, 2005) (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F. 3d 1250, 1252-53 (5th Cir. 1998). This Court finds that Mosaic's original Complaint and their First Supplemental and Amending Complaint are clear in that Mosaic seek for this Court to determine the scope of the parties obligations under the Agreement which implicate multiple properties and wells. Additionally, the Court finds that this is an actual live "case or controversy." Faulconer takes the position in this case that a "bright line" exists under the Agreement, and that he has no

responsibility for anything that occurred prior to November 1, 1979. Mosaic takes the position that Faulconer's assumption of the obligations to plug and abandon and restore have no cutoff date. This Court does not find the issues underlying the Agreement to be merely hypothetical.

Accordingly, this Court finds that the jurisdictional amount in controversy is satisfied. Therefore, Faulconer's Motion to Dismiss based on 12(b)(1) and 12(b)(3) (Doc. 15) is DENIED.

<u>Faulconer's Motion Pursuant to Rule 56(d) and Mosaic's Motion for Summary Judgment</u>

The above captioned suit was filed on July 19, 2011. Subsequently, on September 12, 2011 Plaintiff filed a Motion for Summary Judgment. Mosaic's Motion asserts that there is no genuine issue of material fact in that the Agreement dated November 1, 1979 between Freeport and Faulconer clearly and unambiguously requires Faulconer to perform plug and abandonment and restoration activities that may arise or have arisen in connection with the properties and interest acquired by Faulconer.

In turn Faulconer filed his Motion Pursuant to Rule 56(d) on October 11, 2011. Faulconer asserts that Plaintiff's Motion for Summary Judgment is premature because it was filed before the taking of any discovery and it is an improper attempt to deprive the Defendant of an opportunity to develop defenses and counterclaims. Defendant requests that the Court deny the Motion for Summary Judgment pursuant to Federal Rule of civil Procedure 56(d) or, alternatively, have the Court grant additional time to conduct discovery.

Rule 56 of the Federal Rules of Civil Procedure governs Motions for Summary Judgment or Partial Summary Judgment and states that "a party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is

sought." Federal Rules of Civil Procedure Rule 56. Rule 56(d) provides that a Court may defer considering the Motion for Summary Judgment or deny the Motion for Summary Judgment if the nonmovant can show by affidavit or declaration that it cannot present facts essential to justify its opposition. Id. Essentially, Rule 56(d) allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. *Dreyer v. Yelverton*, 291 Fed App'x 571, 577, 2008 WL 3911072, *6 (5th Cir. 2008); *see also City of Alexandria v. Cleco Corp.*, 2010 WL 290506, *2 n.3 (W.D. La. 1/22/10).

To obtain a Rule 56 (d) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the non-movant must present specific facts explaining his inability to make a substantive response as required by Rule 56 and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.[1] *S.E.C. v. Hollier* 2010 WL 3076217, at *3 (W.D.La.,2010). The Declaration of Nina Wessel English, attached to the Defendant's Motion, provides that pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, Defendant at this time does not have all of the factual information he needs to fully justify his Opposition to Plaintiff's Motion for Summary Judgment.

Accordingly, Faulconer's Motion Pursuant to Rule 56(d) is GRANTED and Mosaic's Motion for Summary Judgment is DENIED WITHOUT PREJUDICE. It is the opinion of this Court that after discovery has taken place Mosaic may re-urge its Motion for Summary Judgment if appropriate.

---

[1] "Rule 56 was amended in 2010, and the advisory committee notes to the 2010 amendments state that 'Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).' Fed.R.Civ.P. 56(d) advisory committee's note." *Carner v. Louisiana Health Service & Indem. Co.* 442 Fed.Appx. 957, 961, 2011 WL 4537156, at *4 n. 4 (5th Cir. 2011)

**CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment (Doc. 4) is DENIED WITHOUT PREJUDICE; that the Motion to Dismiss or in the Alternative Motion to Stay Complaint for Declaratory Judgment (Doc. 6) is DENIED; that the Motion to Dismiss based on 12(b)(1) and 12(b)(3) (Doc. 15) is DENIED; that the Motion Pursuant to Rule 56(d) is GRANTED.

New Orleans, Louisiana on this 26th day of January, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**